MARY L. SWIFT

*v.*

ROBERT D. CRAIGHEAD, individually and as executor, &c.

[Argued January 2d, 1909. Decided January 12th, 1909.]

1. A sale by a trustee to himself, of the trust property, is uniformly held to be voidable at the option of the *cestui que trust,* even though the trustee may have given an adequate price and gained no advantage.

2. But where trust property has been acquired by a trustee through the medium of direct dealing with the *cestui que trust,* the transaction, although presumed to be invalid, will be supported if the trustee can establish that the *cestui que trust* acted voluntarily and with entire freedom from any influence arising by reason of the trust relationship, and with intelligence and full knowledge of all the circumstances.

---

On bill, answer, replication and proofs.

*Messrs. Bleakly & Stockwell,* for the complainant.

*Mr. S. Cameron Hinkle* and *Mr. Richard V. Lindabury,* for the defendant.

LEAMING, V. C.

Defined principles of public policy are clearly opposed to the unrestricted right of a trustee to acquire the property of a *cestui que trust.* A sale by a trustee to himself, of the trust property, is uniformly held to be voidable at the option of the *cestui que trust,* even though the trustee may have given an adequate price and gained no advantage. *Scott* v. *Gamble, 9 N. J. Eq. (1 Stock.) 218, 235; Obert* v. *Obert, 10 N. J. Eq. (2 Stock.) 98, 103; Huston* v. *Cassedy, 13 N. J. Eq. (2 Beas.) 228; Smith* v. *Drake, 23 N. J. Eq. (8 C. E. Gr.) 302, 306; Romaine* v. *Hendrickson's Executors, 27 N. J. Eq. (12 C. E. Gr.) 162, 164; Staats* v. *Bergen, 17 N. J. Eq. (2 C. E. Gr.) 554.* But where trust property has been acquired by a trustee through the medium of direct dealing with the *cestui que trust,* it is manifest that the right of the *cestui que trust* to avoid the contract should not be without limitation. While some courts have held such dealings to be contrary to public policy and voidable at the instance of the *cestui que trust,* the better and prevailing view appears to be that such dealings are presumed to be invalid, but will be supported if the trustee can establish that the *cestui que trust* acted voluntarily and with entire freedom from any influence arising by reason of the trust relationship, and with intelligence and full knowledge of all the circumstances. *Coles* v. *Thecothick, 9 Ves. Jr. 234; Nicholas* v. *McCarthy, 53 Conn. 299; Perry Trusts* § *195; Fetter Eq. 146* § *93; 1 Lew. Trusts 275, 277.*

In the present case I am convinced that defendant has not sustained the burden thus imposed. I am satisfied that when complainant executed the revocation of trust and thereby, in effect, conveyed practically her entire estate to her mother, she had no definite knowledge of her mother's ultimate purpose and no defined purpose of her own other than to comply with her mother's request. For years the mother had been not only complainant's trustee, but the dominant factor in her life, and I do not believe it can be reasonably said that at the time of the execution of the instrument in question complainant was in any complete sense a party to an intelligent, or well considered, and voluntary engagement. Her act was, in my judgment, merely responsive to her mother's expressed wish, without thought or

concern of consequences. I think that the trust assets must be now treated as having been vested in the mother until her death, for the benefit of complainant, and that complainant will now be entitled to an accounting from defendant.

I share the view of defendant's counsel that complainant's best interests may lie with the present trusteeship; but I am unable to give that consideration a controlling effect.

If the revocation of the original trusteeship was not the free, voluntary and intelligent act of the *cestui que trust,* she is entitled to be relieved of it even though the ultimate benefit to her may be doubtful.

At the hearing I entertained doubt as to the sufficiency of the bill; but, as the instrument set up in the answer by way of bar, when considered in connection with the admissions of the trusteeship, is not operative as a bar until its presumption of invalidity is overcome, I am satisfied that the general replication is sufficient without an amendment to the bill making a direct attack upon the instrument set forth in the answer.